**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Robert Lloyd, et al.,

           Plaintiffs,

v.

Circle K Stores Incorporated,

           Defendant.

No. CV-23-02478-PHX-MTL

**ORDER**

      This is a trip and fall case. At issue are Plaintiffs Robert and Kim Lloyd's Motion for Summary Judgment (Doc. 52) and Supplemental Motion for Summary Judgment (Doc. 88), and Defendant Circle K Stores, Inc.'s Motion for Summary Judgment (Doc. 57). The Motions are fully briefed, and the Court now rules.

## I.    BACKGROUND

      Rewind to the COVID-19 pandemic—the era of curbside pickup. In 2020, a Circle K store in Mesa, Arizona installed a sign in its parking lot to designate a curbside pickup space. (Docs. 57 at 2.3; 59 at 2.) Around October or November 2021, Circle K discontinued the pickup program, removed the sign, but left four bolts that once secured the sign exposed and sticking up from the ground. (Docs. 52 at 40; 57 at 23-24, 29.)

      Circle K claims that a prior store manager put in a work order to have the bolts removed. (Doc. 59 at 5.) Circle K represents that it required the bolts to be covered with a yellow safety cone while removal was pending. (*Id.*) Plaintiffs point to Circle K's Employee Guidebook and argue that simply placing a cone near the bolts did not satisfy

Circle K's own safety policies. (Doc. 88 at 3-4.) That backdrop brings us to Mr. Lloyd's incident.

The events took place on December 4, 2021. Circle K contends that its store manager that day, Kyle Barron, arrived for his shift at approximately 5:00 a.m. (Docs. 59 at 5; 57 at 30.) In his deposition, Mr. Barron testified that he observed a cone near the bolts when he arrived for his shift. (Doc. 57 at 30.)

Shortly after 7:00 a.m., Mr. Lloyd arrived at the store to purchase a drink. (Doc. 63 at 23-24.) But, as he walked up to the store between his truck and the curb, he claims he tripped over the bolts protruding from the ground, falling face first. (Docs. 52 at 3; 1-4 ¶ 12; 63 at 27, 30-31.) Sometime before his fall, the protective cone was removed. (Doc. 52 at 50.) As a result, he and his wife brought this lawsuit.

Plaintiffs originally filed this action in Arizona Superior Court against Defendant Circle K, who removed it to this Court. (Doc. 1.) Plaintiffs assert claims for negligence, loss of consortium, and "loss of enjoyment of life." (Doc. 1-4 ¶¶ 18-21.) In its Answer, Circle K raised several affirmative defenses: statute of limitations, estoppel, waiver, laches, failure to mitigate damages, contributory negligence, non-party at fault, intervening/superseding cause, assumption of risk, and limitation under A.R.S. § 12-711. (Doc. 28 ¶¶ 24-34.)

Both parties have moved for summary judgment on the premises liability claim. (Docs. 52, 57, 88.) Plaintiffs seek judgment in their favor on negligence and against Circle K on most of its affirmative defenses. (Docs. 52 at 16; 88 at 6.) Circle K argues that Plaintiffs cannot establish constructive notice or causation and therefore seeks judgment in its favor. (Doc. 57 at 17.) With leave of Court, Plaintiffs also filed a supplemental motion for summary judgment addressing Circle K's Employee Guidebook after Circle K failed to timely produce it. (*See* Docs. 78, 88.) The Court will address the premises liability issue first.

## II.    LEGAL STANDARD

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted); *see also Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) (holding that the court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted).

Where, as here, the "parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations and internal quotations omitted). The summary judgment standard operates differently depending on whether the moving or non-moving party has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When the movant bears the burden of proof on a claim at trial, the movant "must establish beyond controversy every essential element" of the claim based on the undisputed material facts to be entitled to summary judgment. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation modified). If the movant fails to make this showing, summary judgment is inappropriate, even if the non-moving party has not introduced contradictory evidence in response. When, on the other hand, the non-movant bears the burden of proof on a claim at trial, the movant may prevail either by citing evidence negating an essential element of the non-movant's claim or by showing that the non-movant's proffered evidence is insufficient to establish an essential element of the non-movant's claim. *See Celotex*, 477 U.S. at 322-23.

## III.    PREMISES LIABILITY

Arizona law governs this case. *See Kaufman v. Jesser*, 884 F. Supp. 2d 943, 949 (D. Ariz. 2012). To establish negligence under a premises liability theory, a plaintiff must

show:

> (1) the defendant owed a duty to the plaintiff to conform to a standard of conduct that protects the plaintiff from an unreasonable risk of harm; (2) the defendant breached that standard; (3) a causal connection exists between the defendant's acts or omissions and the plaintiff's injury; and (4) the plaintiff suffered actual damages.

*Perez v. Circle K Convenience Stores, Inc.*, 259 Ariz. 221, 224 (2025). The Court addresses each element, minus damages,[*] in turn.

### A.    Duty

The analysis begins with duty. "Duties are based either on special relationships recognized by the common law or on relationships shaped by public policy." *Id.* At issue here is the business-invitee relationship, which forms when "a business owner invites persons to enter or remain on property possessed by the owner for purposes directly or indirectly connected with its business dealings." *Id.* at 225. "Indisputably, Circle K, as a business owner, has an affirmative duty to make and keep its markets reasonably safe for customers, who are invitees." *Id.* Here, Mr. Lloyd was an invitee because he pulled up to Circle K to purchase a drink. (Doc. 63 at 23-24.)

In neither its responses nor motion for summary judgment does Circle K dispute the existence of a duty. (*See, e.g.*, Doc. 59 at 7.) The Court therefore finds that duty is established as a matter of law. *See Bellezzo v. State*, 174 Ariz. 548, 550 (App. 1992) ("Whether a defendant owes a duty to a plaintiff generally presents an issue of law for the trial court and is therefore appropriate for summary judgment.").

### B.    Breach

The second element, breach, is ordinarily a factual issue for the jury but it may be resolved as a matter of law where "the record supports that result." *Perez*, 259 Ariz. at 228. In a trip and fall case such as this, "to prove that the owner breached the standard of care

---

[*] The Court does not address damages because neither party discussed it in their motions for summary judgment. *See CNL Hotels & Resorts, Inc. v. Maricopa Cnty.*, 230 Ariz. 21, 25 (2012) ("[I]t is incorrect to direct entry of summary judgment on issues not raised by the movant in the trial court and on which the parties have therefore not had an opportunity to marshal and present evidence." (quoting *City of Phoenix v. Yarnell*, 184 Ariz. 310, 320 (1995))); *Bensi v. AC Serv. & Design Co.*, No. C 08-1757 BZ, 2009 WL 10736161, at *1 n.1 (N.D. Cal. Feb. 4, 2009).

imposed by the duty to invitees, the plaintiff must show the owner either (1) created the unsafe condition; (2) had actual knowledge or notice of it; or (3) should have discovered and remedied the unsafe condition before the fall." *Id.* at 225. Here, summary judgment is inappropriate because a genuine issue of material fact exists as to whether the condition Circle K created, protruding bolts in a pedestrian walkway, was unreasonably dangerous and whether Circle K's response to that condition was reasonable under the circumstances.

Plaintiffs contend that it is "undisputed" that Circle K created the unreasonably dangerous condition. (Doc. 52 at 1.) It is true that Circle K's Rule 30(b)(6) designee admitted that Circle K installed the bolts and did not remove them when the sign was taken down. (Doc. 63 at 40, 43-44.) This evidence may establish that Circle K created the condition and knew of its existence. *See Andrews v. Fry's Food Stores of Ariz.*, 160 Ariz. 93, 95 (App. 1989); *cf. Berne v. Greyhound Parks of Ariz., Inc.*, 104 Ariz. 38, 39 (1968) (noting that there was no contention or evidence that the defendant or its agents or employees created the allegedly dangerous condition). The remaining question is whether the condition was unreasonably dangerous and whether Circle K's response was reasonable.

But Circle K frames the issue differently. It argues that the relevant inquiry is not whether the bolts existed, but whether Circle K had notice that someone removed the protective cone that allegedly covered them on the morning of the incident. (Doc. 57 at 12.) In support, Circle K relies on *Walker v. Montgomery Ward & Co.*, 20 Ariz. App. 255 (1973), and *McGuire v. Valley Nat'l Bank of Phx.*, 94 Ariz. 50 (1963), cases where Arizona courts treated notice as determinative because the plaintiffs could not establish how long a foreign substance had been present.

Those cases are distinguishable. In *McGuire*, the plaintiff slipped on a pebble-like substance of unknown origin, and there was no evidence that the defendant created the condition or knew of its existence. 94 Ariz. at 52-53. The court emphasized that the pebble "could have been deposited ten seconds before the plaintiff fell, or ten minutes, or two hours and ten minutes," making any finding of notice speculative. *Id.* at 53. Similarly, in

*Walker*, the plaintiff slipped on a piece of fruit on the floor, and there was "absolutely no evidence as to how long the foreign substance was upon [the] defendant's floor." 20 Ariz. App. at 259. In both cases, the defendants did not create the hazard, and the plaintiffs' claims failed because notice could not be established.

That is not this case. Mr. Lloyd did not encounter a transient foreign substance introduced by an unknown third party. He encountered a fixed condition that Circle K itself created by leaving protruding bolts in a pedestrian walkway after removing the sign they once secured. Circle K knew the bolts existed and knew they posed a "tripping hazard." (Doc. 63 at 40, 42.) The operative question, therefore, is not whether Circle K had notice that a cone was missing at a particular moment, but whether the condition Circle K created was unreasonably dangerous and whether Circle K exercised reasonable care in addressing it.

Whether a defective condition is dangerous depends on whether it creates an unreasonable risk of harm. *Berne*, 104 Ariz. at 40-41 ("The standard of care to be exercised does not impose liability for conditions from which an unreasonable risk of harm is not to be anticipated."). This is because "the proprietor of a business premises is not an insurer of the safety of invitees and is not required at his peril to keep the premises absolutely safe." *Id.* But, even where a condition is "obvious," a business owner may be liable if it should anticipate harm despite the condition's obviousness. *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 519 (1982). In such circumstances, reasonable care may require warning invitees or taking affirmative steps to protect them. *Id.*

The Court finds that there is a genuine factual dispute over whether the protruding bolts constituted an unreasonably dangerous condition. Plaintiffs offer evidence that the bolts were a tripping hazard (including Circle K's Rule 30(b)(6) testimony) and that the bolts violated the City of Mesa's safety standards and were not visually obvious under the lighting conditions present at the time. (Docs. 63 at 41; 52 at 82-83.) Circle K disputes the characterization of the condition as unreasonably dangerous and argues that there were no other reported incidents arising from the bolts and that the hazard was adequately mitigated

by the use of a protective cone. (Doc. 59 at 10.) Whether this condition "create[d] an unreasonable risk of harm" is a classic factual question because it turns on how dangerous the bolts were in context and whether Circle K should have anticipated harm despite any warning or visibility. *See Tribe*, 133 Ariz. at 519 (reversing an entry of summary judgment because "[r]easonable minds could easily disagree as to whether a sixteen-inch step down is open and obvious" and constitutes an unreasonable risk of harm); *George v. Fox W. Coast Theatres*, 21 Ariz. App. 332, 335 (1974) (declining to grant summary judgment for the defendant because the plaintiff presented evidence that a reasonable person could infer that a small bolt hole in a walkway was unreasonably dangerous).

Second, even if there was an unreasonably dangerous condition, there is a genuine factual dispute over whether Circle K's chosen response—using a cone rather than permanent removal—was reasonable under the circumstances. Plaintiffs cite the Employee Guidebook's requirement that hazards be "properly fixed," argue that cones were an inadequate safeguard because they could be moved or stolen, and rely on their safety expert's conclusion that the bolts needed to be permanently removed. (Docs. 88 at 3; 88-1 at 40; 52 at 83; 63 at 8, 45, 54.) Circle K responds that its policy permitted the use of cones as an interim measure, that its manager saw a cone near the bolts earlier that morning, and that there is no evidence employees removed the cone. (Docs. 57 at 12; 59 at 10; 93 at 3.) On this record, a jury could reasonably conclude either that a cone was a reasonable temporary warning or correction or that it was an insufficient response to a hazard that should have been permanently eliminated. *See McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 255 (App. 2013) (reversing entry of summary judgment where reasonable jurors could conclude that the defendant "had created or was aware of an unreasonably dangerous condition and had failed to take reasonable steps to warn of the condition or correct it"); *Libretti v. QuikTrip Corp.*, No. 1 CA-CV 23-0762, 2024 WL 4459044, at *3 (Ariz. App. Oct. 10, 2024) ("Whether a business owner took reasonable, but not impossible, actions to correct an unreasonable condition before a business invitee was injured classically is a question of fact for the jury.").

These competing accounts present genuine disputes of material fact. A reasonable jury could find that leaving protruding bolts in a pedestrian walkway created an unreasonable risk of harm and that relying on a removable cone was not a reasonable response. A reasonable jury could also find that Circle K acted reasonably by placing a cone over the bolts and that any exposure of the bolts occurred too suddenly to constitute a breach of duty. Because the resolution of these disputes would affect the outcome of the negligence claim, they are material under Rule 56. *See Anderson*, 477 U.S. at 248. The Court denies summary judgment for both parties on this element.

### C.    Causation

The Court also finds that a genuine issue of material fact exists as to causation. To establish causation, a plaintiff must show both actual cause and proximate cause, which are ordinarily questions of fact for the jury. *Torres v. Jai Dining Servs. (Phx.) Inc.*, 252 Ariz. 28, 30 (2021). Actual cause exists if the defendant's conduct "helped cause the final result, even if only a little." *Id.* at 31 (citation modified). Proximate cause exists if the defendant's conduct produced the injury "in a natural and continuous sequence, unbroken by any efficient intervening cause." *Id.* (quoting *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990)).

Circle K argues that Plaintiffs cannot establish causation because Mr. Lloyd does not know precisely what caused him to trip and because he could have stumbled over his own feet, the curb, or another feature of the walkway. (Doc. 59 at 8-9.) Based on these alternative possibilities, Circle K contends it is entitled to summary judgment on causation. (*Id.*) Plaintiffs respond that they are not required to prove causation with certainty and need only present probable facts from which a jury may reasonably infer causation. (Doc. 64 at 2-3.) Plaintiffs point to circumstantial evidence that Mr. Lloyd fell in the immediate area of the protruding bolts and to expert testimony opining that the bolts were the actual and proximate cause of the fall. (Docs. 63 at 14; 64 at 3.)

The Court notes that Plaintiffs' opening motion does not meaningfully develop an argument for summary judgment on causation and addresses the issue primarily in reply.

(*See generally* Doc. 52.) Regardless, the record supports a reasonable inference that the protruding bolts caused Mr. Lloyd's fall. Circle K's alternative explanations raise issues of weight and credibility, which are reserved for the jury and not appropriate for resolution at summary judgment. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment.").

Because a reasonable jury could conclude that Circle K's conduct was a cause of Plaintiffs' injuries, a genuine issue of material fact exists as to causation. Accordingly, summary judgment is not warranted for either party on this element.

## IV.    AFFIRMATIVE DEFENSES

Plaintiffs also ask for the entry of summary judgment on Defendant's affirmative defenses. (Doc. 52 at 10-16.) Circle K concedes that "[a]fter conducting discovery and disclosure, Circle K's defense in this case does not rest on any of these affirmative defenses": failure to mitigate damages, assumption of the risk, intervening/superseding cause, statute of limitations, estoppel, waiver, and laches. (Doc. 59 at 14.) The Court therefore enters summary judgment against Circle K on the foregoing affirmative defenses.

## V.    CONCLUSION

**IT IS THEREFORE ORDERED granting in part and denying in part** Plaintiffs' Motion for Summary Judgment (Doc. 52). Summary judgment is granted in Plaintiffs' favor on the issue of duty and the following Circle K affirmative defenses: failure to mitigate damages, assumption of the risk, intervening/superseding cause, statute of limitations, estoppel, waiver, and laches. Summary judgment is denied in all other respects.

**IT IS FURTHER ORDERED denying** Plaintiffs' Supplemental Motion for Summary Judgment (Doc. 88).

**IT IS FURTHER ORDERED denying** Circle K's Motion for Summary Judgment (Doc. 57).

. . . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FINALLY ORDERED** vacating the oral argument set for February 12, 2026, at 9:30 AM (Doc. 102). For the reasons mentioned above, the Court finds oral argument unnecessary for resolution of the motions. *See* LRCiv. 7.2(f). A trial setting conference will be set for the same time, February 12, 2026, at 9:30 AM.

Dated this 5th day of February, 2026.

Michael T. Liburdi
United States District Judge