**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert Lloyd, et al.,

Plaintiffs,

v.

Circle K Stores Incorporated, et al.,

Defendants.

No. CV-23-02478-PHX-MTL

**ORDER**

This matter, removed from Arizona Superior Court on the basis of diversity jurisdiction, has been pending for nearly three years. In that time the Court has adjudicated a motion to compel and an accompanying request for sanctions, a motion for additional discovery, a motion to expedite, a motion for a status conference, and cross-motions for summary judgment. It has entered a scheduling order, supervised discovery, resolved disputes between counsel, and set this matter for an eight-day jury trial beginning September 22, 2026. In sum, the Court has devoted considerable time and resources to managing this case.

Imagine, then, the Court's surprise upon learning—after the summary judgment rulings had issued and the trial calendar had been cleared—that Defendant Circle K Stores, Inc. had determined its nerve center was in Tempe, Arizona rather than Austin, Texas, and that this Court accordingly never possessed subject matter jurisdiction over this action.[1] The Court learned this from Circle K's Motion to Remand (Doc. 111), filed June 2, 2026,

[1] Plaintiffs are Arizona residents and the amount in controversy exceeds $75,000.

which attributed the jurisdictional allegation in the Notice of Removal to "counsel's mistaken belief" and offered no further explanation of the source of that belief, the inquiry undertaken before removal, or why the error escaped detection for nearly three years.

The Court held a status conference on June 9, 2026, and thereafter entered an order (Doc. 116) vacating the trial and all remaining pretrial deadlines, directing the parties to address whether the Court retains jurisdiction to adjudicate Plaintiffs' request for sanctions following remand, and setting a briefing schedule on sanctions. That order directed Plaintiffs to identify the authority under which sanctions were sought, the amount requested under each theory of recovery, and any supporting documentation, and to address the effect of and any overlap with the Court's prior discovery orders (Docs. 78, 100). It further directed Circle K to show cause why it should not be sanctioned in an amount up to $250,000 under Rule 11, the Court's inherent authority, and other authorities discussed at the status conference.

Plaintiffs have since filed their Motion for Sanctions and Attorneys' Fees and Costs (Doc. 126). The Court has considered the briefing (Docs. 129, 131-32), and the argument of counsel at the August 18, 2026, oral argument. The order to show cause will be discharged without action. The Court now rules on Plaintiffs' motion.

**I.**

A federal court retains ancillary jurisdiction to adjudicate collateral matters such as sanctions and fees notwithstanding remand. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990). Sanctions may issue under statute, rule, or the Court's inherent power. *See ML Prods. Inc. v. Billiontree Tech. USA, Inc.*, No. 2:23-CV-08626-MEMF-DTB, 2025 WL 1717642, at *4 (C.D. Cal. Apr. 16, 2025). Where the sanction takes the form of shifted fees, the award must be compensatory rather than punitive. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). The burden of establishing entitlement rests with the party seeking sanctions. *See Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). The Court sets out the governing standard for each authority in the discussion below.

II.

Plaintiffs seek all fees incurred during the federal phase of this litigation under the Court's inherent authority—314.17 hours at $800 per hour, or $251,333.33—on the theory that the removal fabricated the forum itself, such that every federal dollar flows from the misrepresentation. (Doc. 126 at 9, 16.) That theory rests principally on a January 2022 agreement for security services at Circle K's Arizona stores, signed by Circle K's chief executive officer, which defense counsel filed as an exhibit in a separate Arizona Superior Court action in February 2025 (the "*Kakar* agreement"). (*Id.* at 9-12.) Within that figure Plaintiffs identify two subsets, presented as alternative recovery: 71.67 hours ($57,336.00) for removal and remand work under 28 U.S.C. § 1447(c), and 36.25 hours ($29,000.00) plus $5,031.87 in costs for the Employee Guidebook suppression the Court addressed at Docs. 78 and 100. (*Id.* at 16-17.) Plaintiffs further seek personal liability against Circle K's counsel Wade R. Causey under 28 U.S.C. § 1927, and a Rule 11 penalty payable to the Court in an amount left to the Court's discretion. (*Id.* at 12-15.) The Court addresses each of Plaintiffs' identified subsets for sanctions below.

A.

Section 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees are appropriate where the removing party "lacked an objectively reasonable basis for seeking removal," and no finding of bad faith is required. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138, 141 (2005). A corporation's principal place of business is its "nerve center," the single place from which its officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

The Court finds that Circle K lacked an objectively reasonable basis for removal. The *Martin* inquiry is objective and directed in the first instance to the removing party, a distinction that matters because Circle K's defense is framed almost entirely around what its counsel was told. At oral argument and in its briefing, Circle K represented that the removal rested on information about its nerve center that the company had given Mr.

Causey ten to fifteen years earlier. (Docs. 129 at 3; 132 at 3.) A decade-old representation, never revisited, is not an objectively reasonable basis for a jurisdictional allegation made in November 2023. Circle K bore the burden of establishing complete diversity as the party invoking this Court's jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and the facts bearing on its own nerve center were uniquely within its possession.

Circle K offers three facts: that it was incorporated in Texas in 1951, that it changed its corporate name in 1995, and that seven of the ten directors listed in a 1993 filing resided in Texas. (Doc. 129 at 3.) None of this says where Circle K's officers actually directed the company in November 2023, which is the only question *Hertz* asks. Nor does Circle K's divisional structure supply an answer, since a company operating through fifteen divisions still has one principal place of business. If anything, a decentralized structure makes the inquiry more necessary, not less; Circle K cannot invoke that structure to excuse its failure to ascertain where its own nerve center sits. Circle K now concedes that place is Arizona, and it has never explained what led it to believe otherwise in November 2023.

Further, Plaintiffs represent, and Circle K nowhere denies, that it has alleged an Arizona principal place of business in at least sixteen other federal cases. (Docs. 126 at 9; 131 at 5.) Plaintiffs also submit public corporate filings identifying Arizona and evidence that a majority of Circle K's officers and directors resided in Arizona as of 2023 and 2024. (Docs. 131 at 6; 131-1 at 14-279.) Circle K responds only that what other attorneys said in other matters does not show what Mr. Causey knew here. (Doc. 132 at 6.) But § 1447(c) asks whether Circle K had an objectively reasonable basis for removal, not what its counsel knew, and these are Circle K's own filings. A corporation that has told sixteen federal courts its principal place of business is Arizona cannot claim an objectively reasonable belief that it was Texas.

The result is the same if the inquiry looks to counsel. Circle K states that counsel "made a reasonable inquiry of someone at Circle K," naming no person, no date, and no document, and supported by no declaration. (Doc. 129 at 10.) That assertion appears nowhere but in a brief, and unsworn statements of counsel are not evidence. Circle K has

submitted no declaration or affidavit, here or with its Motion to Remand, from Mr. Causey or from anyone at the company describing the inquiry it says was made. Nor did Circle K take the opportunity the Court afforded it to have a corporate representative appear at the hearing on this motion. (Doc. 116 at 2.)

Circle K argues that nothing triggered any obligation to reinvestigate. (Doc. 132 at 3, 5.) But on December 5, 2023, this Court's Rule 16 order directed the parties to confirm the factual basis for diversity jurisdiction, citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). (Doc. 6 at 2 n.1.) Three weeks later, Circle K reaffirmed the Texas allegation without verifying it. (Doc. 10 at 4.) Therefore, an award is warranted, limited to fees and costs incurred as a result of the removal.

**B.**

This Court's inherent power to impose sanctions "must be exercised with restraint," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), and may be invoked only upon an express finding that the party's conduct "constituted or was tantamount to bad faith." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)). Any award must be compensatory and traced to the misconduct item-by-item or category-by-category. *Goodyear*, 581 U.S. at 108-10; *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019). A blanket award is reserved for the exceptional case in which a party "initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior." *Goodyear*, 581 U.S. at 110.

This is not that case. Plaintiffs filed suit in Arizona Superior Court, and Circle K changed the forum; the claim now proceeds there on the record built in this Court. Discovery, depositions, expert disclosures, two mediations, and the summary judgment record transfer intact, as Plaintiffs confirmed in certifying the case ready for trial on July 9, 2026. (Doc. 129 at 55.) Fees incurred while a party was acting improperly are not thereby caused by the impropriety, which is "a temporal limitation, not a causal one." *Lu*, 921 F.3d at 860 (citation omitted).

The Court therefore proceeds category by category, and because the categories

awarded below rest on § 1447(c) and the Court's prior orders, it need not reach the inherent authority predicate or make any finding of bad faith.

**C.**

Section 1927 reaches an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" and requires subjective bad faith, meaning recklessness paired with knowledge or an improper purpose. *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting 28 U.S.C. § 1927); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). The statute reaches individual attorneys only. *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

The request as to Mr. Causey is denied without prejudice. Plaintiffs' theory primarily rests on Mr. Causey's February 2025 filing of the *Kakar* agreement, arguing that it gave him actual knowledge that Circle K's principal place of business was Arizona, after which he litigated here for sixteen months without correcting the record. (Doc. 131 at 6-7.) But the agreement recites Tempe as "one of" several "principal locations" (Doc. 129 at 20), and filing a document acknowledging one of several is not affirmative knowledge that a contrary representation was false. Circle K is also correct that what other counsel said in other matters does not establish what Mr. Causey knew here. Circle K's own showing is unsatisfactory, resting on unsworn assertions in a brief, but the burden is Plaintiffs' and an inadequate response does not supply the proof the statute demands.

**D.**

Rule 11 requires that factual contentions have evidentiary support following a reasonable inquiry. Fed. R. Civ. P. 11(b)(3). A filing is frivolous only if it is both baseless, meaning it "completely lack[s] a factual foundation," and made without a reasonable and competent inquiry. *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997) (citation omitted).

No Rule 11 penalty will issue here. Circle K's assertion rested on its Texas incorporation and on the client's own representation to counsel. (Doc. 129 at 10.) The Court has found that basis objectively unreasonable under § 1447(c), but Rule 11 asks a different

question, and the assertion was not wholly without factual foundation. *Montrose* further treats a defective citizenship allegation as the sort of error courts permit parties to correct, 117 F.3d at 1136, and Circle K moved to remand upon recognizing it.

**E.**

The Court previously found that Circle K improperly withheld its September 2020 Employee Guidebook and ordered it to pay the resulting fees and costs. (Docs. 78, 100.) Those orders remain in full force, and entitlement is not open for reconsideration. Circle K nonetheless objects that the request is untimely, hanging its hat on Local Rule of Civil Procedure 54.2(b)(2), which requires a party to move for fees and expenses within "fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered." (Doc. 129 at 2.) But no judgment has been entered here, and following remand none will be. On Circle K's reading, the fourteen-day clock could never start, leaving an award this Court has already made permanently unenforceable. The objection is overruled. To the extent Local Rule 54.2 applies at all, the Court will disregard it in the interest of justice and set a date certain for Circle K to pay the discovery fees and costs identified herein. *See Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) ("District courts have broad discretion in interpreting and applying their local rules" (citation modified)). And Circle K disputes none of the hours or costs, reserving only its objection to the hourly rate.

The Court is troubled that Circle K would invoke a procedural technicality to avoid paying what it has already been ordered to pay for its discovery abuse. The award remains unpaid, and this Court retains authority to enforce its own sanctions orders following remand.

**F.**

Circle K challenges the $800 hourly rate for Plaintiffs' attorneys, arguing that Plaintiffs' comparators involve complex commercial litigation rather than premises liability. (Doc. 132 at 11-12.) But Circle K offers no comparator rate, no declaration, and no authority for the discount it seeks. Plaintiffs, by contrast, submit a declaration from

counsel Brian Snyder and ten declarations from Arizona practitioners attesting to the reasonableness of the rate in this market. (Doc. 131-1 at 281-317.) Mr. Snyder further attests that Plaintiffs' fee agreement reflects that rate. (*Id.* at 316-17); *see Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487-88 (9th Cir. 1995) (holding that a contingency arrangement does not preclude a lodestar award). The Court finds $800 per hour reasonable.

At that rate, two non-overlapping categories are awarded. First, removal and remand work under § 1447(c), consisting of 71.67 hours (58.67 through remand, plus 13 for this briefing and the hearing), or $57,336.00. The Court has reviewed the categorized records and finds those hours reasonable and attributable to the removal. Second, the previously ordered discovery sanctions, consisting of 36.25 hours ($29,000.00) plus $5,031.87 in transcript, deposition, videography, and expert costs, or $34,031.87, which Circle K does not dispute.

The total award is $91,367.87 against Circle K Stores, Inc. No portion is assessed against Mr. Causey or CHDB Law LLP. The balance of Plaintiffs' request is denied.

**III.**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Sanctions and Attorneys' Fees and Costs (Doc. 126) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are awarded $91,367.87 in attorneys' fees and costs against Defendant Circle K Stores, Inc. as set forth herein.[2]

**IT IS FURTHER ORDERED** that Defendant Circle K Stores, Inc. must pay this amount in full to the Snyder and Wenner PC trust account **within fourteen days of the date of this Order**.

---

[2] At the motion hearing, counsel for Circle K indicated that it may appeal this Order. Should Plaintiffs prevail in any forthcoming appeal, in whole or in part, they may be entitled to an additional recovery under 28 U.S.C. § 1447(c) for attorneys' fees and costs incurred on appeal. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) ("Because § 1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are presumptively entitled to recover the attorneys' fees incurred in defending their award [on appeal].") (citing *Commissioner of INS v. Jean*, 496 U.S. 154 (1990)).

**IT IS FURTHER ORDERED** that Defendant Circle K must file a notice of compliance **within one day** of receipt of payment.

**IT IS FINALLY ORDERED** discharging the Order to Show Cause (Doc. 116).

Dated this 20th day of August, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge